## GEORGE WALKER *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 5—861.]

**Continuance of Trial.**

Where two are jointly indicted the due diligence of one in securing evidence and preparing for trial necessary to secure a con-

tinuance may rightly be relied upon by the other in his application for a continuance where the same evidence exists as to both.

APPEAL FROM KNOX CIRCUIT COURT.

April 26, 1884.

OPINION BY JUDGE HARGIS:

David Walker and George Walker were jointly indicted for the alleged murder of Perry Jackson. David Walker is the principal and first named in the indictment. He admits in his affidavit for a continuance that he shot Jackson, and states facts which he avers can be proved by Wolford Bingham and James Moore, that, if true, will tend to establish self-defense and that George Walker did not shoot Jackson. For these witnesses David Walker caused subpoenas to be issued, and used legal diligence to procure their attendance, and obtained a continuance at the term of the court. The appellant, George Walker, was denied a continuance, put upon trial, convicted and sentenced to the penitentiary for two years.

George Walker has appealed, and his first complaint is that he was denied a continuance. His brother, David Walker, had used due diligence in preparing for trial upon the joint indictment and, as the witnesses were legally necessary to George Walker's defense, he had the right to expect that the subpoenas would be executed, and to rely upon the legal diligence of his joint defendant whose trial and acquittal first would have gone far to shield himself from the charge. In addition to David Walker's affidavit for a continuance George Walker filed his own, in which he stated that said James Moore would prove that he (George) "did not shoot at deceased and took no hand in the difficulty, and did not participate in the killing;" that Moore had evaded the service of the subpoenas, issued long before the beginning of that term of the court, and hid from the officer. It is disclosed in the affidavit that said Moore was a friend of Jackson and knocked David Walker down or nearly down with a rock when he shot the deceased. Under these circumstances the appellant, George Walker, ought to have been granted a continuance, and it was error to deny that right to him.

The third instruction is erroneous because it is predicated upon previous malice of the accused when it should have required of the commonwealth to show the existence of malice at the time of the

shooting. The fourth instruction and fifth instruction taken together present the serious error that the words "Look there, Dave, Lord have Mercy, Perry Jackson is going to shoot you," were reckless or inciting, if the jury should believe that they were false. Those words, though recklessly or falsely uttered, do not necessarily imply that George wished David to shoot Jackson, and the jury should have been so instructed as to allow them to pass upon the effect of the words upon David Walker, as well as their truth or falsehood and the motive of George in uttering them. The eighth instruction is too long and involved for an ordinary jury to intelligently understand it.

Wherefore, the judgment is *reversed* and cause remanded with directions to grant appellant a new trial.

*James D. Black, for appellant.*

*P. W. Hardin, for appellee.*